T.C. Summary Opinion 2004-151

UNITED STATES TAX COURT

DANIEL S. AND CHRISTI L. SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8617-04S.                    Filed November 3, 2004.

Daniel S. and Christi L. Smith, pro sese.

<u>Aimee R. Lobo-Berg</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for 2002.  Rule references are to the Tax
Court Rules of Practice and Procedure.  The decision to be

entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $8,950 in petitioners' 2002 Federal income tax. The deficiency results entirely from the imposition of the section 55 alternative minimum tax (AMT). The issue for decision is whether in the computation of their AMT liability petitioners are entitled to take into account a negative tax preference item.

Background

All of the facts in this case submitted under Rule 122 have been stipulated and are so found. At the time the petition was filed, petitioners resided in Pocatello, Idaho.

Daniel Smith was employed as a medical sales representative, and Christi Smith was not employed during 2002.

Petitioners filed a timely 2002 joint Federal income tax return. On that return they reported adjusted gross income of $220,739 (amounts are rounded to the nearest dollar) that consists, in part, of wage income of $216,419 and refunds of State and local taxes of $1,544.

Petitioners' return includes a Schedule A, Itemized Deductions, on which petitioners claimed itemized deductions as follows:

| | |
|---|---|
| State and local taxes paid | $14,789 |
| Real estate taxes paid | 1,425 |
| Interest paid | 10,972 |
| Charitable contributions | 5,120 |
| Job expenses and other miscellaneous deductions (in excess of 2% of adjusted gross income) | 30,542 |
| Less: Overall limitation on itemized deductions | (2,503) |
| Total itemized deductions | 60,345 |

After taking into account exemptions and total itemized deductions, petitioners reported taxable income and an income tax liability of $147,194 and $34,569, respectively, on their 2002 return. The reported income tax liability consists entirely of the tax imposed by section 1.

On or about April 21, 2004 (after respondent issued the notice of deficiency), petitioners submitted a Form 6251, Alternative Minimum Tax--Individuals, for 2002. In computing alternative minimum taxable income (AMTI) of $175,603, petitioners deducted a $27,500 negative tax preference for intangible drilling costs. Petitioners did not claim a deduction for intangible drilling costs in the computation of the taxable income or section 1 income tax liability reported on their return. On the Form 6251, petitioners reported an AMT of $12. On line 43 of their 2002 return, petitioners reported an AMT liability of zero.

Discussion

The dispute focuses on the negative tax preference item discussed above. According to respondent, petitioners' AMT

liability is computed without reference to that negative tax preference item.

Section 55(a) imposes an AMT on noncorporate taxpayers equal to the excess (if any) of the tentative minimum tax for the taxable year over the regular tax. The term "regular tax" means the "regular tax liability for the taxable year (as defined in section 26(b))". Sec. 55(c)(1). Section 55(b)(1)(A) provides that for noncorporate taxpayers the tentative minimum tax is 26 percent of so much of the AMTI as exceeds the exemption amount. The exemption amount for individuals filing jointly is $49,000 subject to a phaseout reduction equal to 25 percent of the amount by which AMTI exceeds $150,000. Sec. 55(d)(1)(A)(i), (3)(A). There appears to be no dispute between the parties with respect to these fundamental computational principles.

Section 55(b)(2) defines AMTI as the taxable income of the taxpayer for the taxable year determined with the adjustments provided for in sections 56 and 58 and increased by the amount of the items of tax preference described in section 57. Section 56(b)(1)(A) provides, in general, that in determining a taxpayer's AMTI, no deductions shall be allowed for miscellaneous itemized deductions and State and local taxes paid. Also, no

deduction is allowed for personal exemptions.  Sec. 56(b)(1)(E).

The parties part ways in this phase of the computation.

Respondent calculated petitioners' AMTI as follows:

| | |
|---|---|
| Taxable income per return | $147,194 |
| Personal exemptions | 13,200 |
| State and local taxes paid | 16,214 |
| Unreimbursed employee expenses | 30,542 |
| Sec. 68(a) limitation on itemized deductions | (2,503) |
| Taxable State tax refund | (1,544) |
| AMTI | 203,103 |

Respondent's computation does not take into account the $27,500 negative tax preference for intangible drilling costs petitioners claimed on their Form 6251.  Respondent allowed petitioners an exemption under section 55(d)(1) of $35,724, which was based on the $49,000 exemption amount subject to the phaseout reduction of $13,276 (25 percent of the excess of $203,103 over $150,000). Because petitioners' AMTI of $203,103 exceeded the $35,724 exemption amount by $167,379, petitioners' tentative minimum tax was computed as 26 percent of the excess, or $43,519.  Because petitioners' tentative minimum tax of $43,519 exceeds their regular tax of $34,569, respondent determined that petitioners are liable for AMT of $8,950.

Petitioners reduced their AMTI by the $27,500 negative tax preference item.[1]  Otherwise, petitioners computed the $12 AMT liability reported on the Form 6251 in a manner consistent with respondent's computation.

We are aware of no authority that allows taxpayers to reduce AMTI as petitioners have, and we find that respondent properly computed petitioners' AMT liability.  Accordingly, respondent's determination in that regard is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be

entered for respondent.

---

[1]  Sec. 59(e) allows a taxpayer to make an election to deduct qualified expenditures for intangible drilling costs ratably over a 60-month period.  If this election is made with respect to any qualified expenditure, then that amount is not treated as a tax preference item under sec. 57, and sec. 56 does not apply.  Sec. 59(e)(6).  We note, however, that an election under sec. 59(e) does not result in the qualified expenditure's being deducted from AMTI as a negative tax preference.

In any event, the record does not establish that petitioners made an election under sec. 59(e), and no evidence has been introduced regarding the source of the negative tax preference item.